# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BYRON ELROY CRUTCHER,<br><br>    *Petitioner*,<br><br>vs.<br><br>NEVADA PAROLE COMMISSIONERS, *et al.*,<br><br>    *Respondents*. | 2:09-cv-00801-KJD-GWF<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (#13), which includes a request by petitioner for appointment of counsel.

Petitioner Byron Crutcher challenges a denial of parole based upon, *inter alia*, ex post facto grounds following upon the application of new parole guidelines adopted after his offense and conviction. The Court – out of an abundance of caution – will appoint counsel, given the possibility that, once the chaff of petitioner's extraneous flawed allegations is cleared away, a potentially viable ex post facto claim might be presented in the overall circumstances alleged.

Petitioner should pay heed to the following. Counsel is not being appointed to act as a mere scrivener to restate and reassert each and every allegation and claim presented by petitioner *pro se*. The majority of the claims and allegations presented in the amended petition are patently meritless on their face. For example, petitioner urges that he is being improperly punished for a Category A felony when the underlying offense allegedly

constitutes only a Category B felony. The statute under which petitioner was adjudicated a habitual criminal, N.R.S. 207.010(1)(b), expressly states – and has expressly stated since well before petitioner's May 11, 1996, offense and June 23, 1997, conviction – that a defendant adjudicated as habitual criminal with three or more prior felony convictions "shall be punished *for a category A felony*."[1] A primary moving premise for many of petitioner's claims – that he is being punished improperly for a Category A felony – thus is completely and indisputably wrong. The Court is not appointing counsel to pursue claims that, in counsel's independent professional judgment, have no arguable merit outside the jailhouse.

Petitioner thus should not assume that the Court will appoint replacement counsel in the event that petitioner and appointed counsel do not agree on what claims should be presented. Appointed counsel's task is to pursue claims that counsel, in his or her own independent professional judgment, believes that a court may find meritorious, not to present claims that petitioner, who is not an attorney, believes to be meritorious. Counsel is under absolutely no obligation to "follow petitioner's instructions" as to what claims to present and how to present them. Accordingly, presenting the Court with an alleged conflict between counsel and petitioner based upon a disagreement between counsel and petitioner over how to pursue this case will not necessarily lead to an appointment of replacement counsel. Subject to the circumstances presented at the time, the Court potentially could find that the interests of justice no longer warrant the continued appointment of any counsel, based upon the premise that if petitioner has such an allegedly irreconcilable conflict with one competent attorney, the situation is not likely to be different with another competent attorney. Counsel, again, is not being appointed to pursue claims that petitioner believes to be meritorious but, instead, is being appointed to pursue claims that, in counsel's independent professional judgment, have arguable merit. A competent attorney quite likely may not pursue many of the claims, allegations and arguments in the current pleading.

---

[1] N.R.S. 207.010(1)(b), as amended through 1995 Laws, ch. 443, § 182, pp. 1238-39 (emphasis added)(effective at 12:01 a.m. on July 1, 1995, per 1995 Laws, ch. 443, § 394, p.1340).

1  Nor will the Court entertain *pro se* filings from petitioner when he is represented by appointed counsel. Following the appointment of counsel, petitioner may pursue his claims only through filings by counsel.

IT THEREFORE IS ORDERED that counsel will be appointed herein. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline for one hundred twenty (120) days based upon the current record. **In this regard, the Federal Public Defender may wish to note that Ryan Norwood, Esq., recently has handled indirectly related issues in 3:07-cv-00151-BES-RAM and 3:10-cv-00401-ECR-RAM**.

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk of Court accordingly shall send a copy of this order (together with an attachment with copies of ## 1, 4, 5, 10 & 13) to the *pro se* petitioner, the Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division.

DATED: 4/11/11

_____
KENT J. DAWSON
United States District Judge