# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BYRON ELROY CRUTCHER,

    *Petitioner*,

vs.

NEVADA PAROLE COMMISSIONERS, *et al.*,

    *Respondents*.

2:09-cv-00801-KJD-GWF

ORDER

This habeas matter comes before the Court on the *pro se* petitioner's motion (#30) to amend the petition.

The proposed amended petition tendered with the motion is deficient, and the motion therefore will be denied without prejudice. Petitioner (a) did not sign the proposed amended petition; (b) did not verify the pleading; (c) did not complete the exhaustion inquiries; and (d) sought to incorporate material from the accompanying motion to amend, as a supporting memorandum, to state his claims for relief.

Petitioner must present a filing-ready proposed pleading. That means, *inter alia*, the proposed pleading must be both signed and verified.

The exhaustion inquiries must be responded to, in full. There is a substantial question in this case as to whether petitioner's claims were fairly presented to and exhausted in the Supreme Court of Nevada. Petitioner therefore must identify – by the Supreme Court of Nevada docket number – the specific proceedings in the state supreme court in which he presented the claim or claims in the amended petition, on appeal or otherwise.

Further, petitioner may not incorporate other documents or filings within the amended petition to state his claims. Under Local Rule LR 15-1, the amended petition must be complete in itself. Petitioner thus must state his claims within the amended petition itself, without incorporation of other papers. See #29, at 2. The accompanying motion to amend is a motion for leave to amend, not a memorandum in support of the claims in the petition.

The Court further notes that petitioner states in the motion to amend with regard to the withdrawal of federal habeas counsel, on the one hand, that "she and I decided the best course of action was for her to withdraw," and, on the other, "that I did not tell her to withdraw[,] see did that on her own knowing those were her intentions the entire time." Petitioner maintains that counsel "just did not want to do the case, thus, she knew telling me my claims were meritless would end in her not representing me any longer."[1]

Petitioner presented this Court with a motion to withdraw counsel and to proceed in proper person. The motion was signed by counsel and personally by petitioner himself. If petitioner had an issue with counsel's withdrawal, it was incumbent upon him to raise it prior to the motion, rather than personally signing a motion that explicitly requested "that this Court grant the Motion to Withdraw as Counsel and allow Petitioner to proceed in proper person."[2]

It is too late in the life of this case for such half-measures and indirection. It is too late in the life of this case for petitioner – an experienced *pro se* litigator in this Court – to be presenting unsigned, unverified and only partially completed proposed pleadings. It is too late

---

[1] #30, at 13.

[2] Following a dozen years on the federal bench, the undersigned can state only that the proposition that an assistant federal public defender in this District would in essence dump a habeas petitioner with a meritorious case strains credulity to the extreme. If petitioner – who no longer is in physical custody – believed that the assistant federal public defender assigned to his case improperly advised him that his case had no merit because she "just did not want to do the case," he was not without recourse within the supervisory structure of the Federal Public Defender's Office. An assistant federal public defender is supervised both by the First Assistant Federal Public Defender as well as the Federal Public Defender himself. Nothing under the sun is impossible. However, it would be a first in this Court's experience to encounter a meritorious habeas case where an assistant with the Federal Public Defender did anything other than zealously pursue the matter. In all events, it was incumbent upon petitioner, an experienced *pro se* litigator in this Court, to raise and pursue any such concerns prior to personally signing on to a motion to withdraw counsel and proceed in proper person.

1  in the life of this case for petitioner to personally sign a motion to withdraw counsel and
2  proceed in proper person and then go back and seek to impugn the propriety of the relief that
3  he personally requested, over his own signature.
4      The Court will give petitioner fourteen days to present a motion to amend with a
5  properly-completed proposed amended petition. If he fails to do so timely, the matter will
6  proceed to disposition on the previous pleadings on file.
7      IT THEREFORE IS ORDERED that petitioner's motion (#30) to amend is DENIED
8  without prejudice.
9      IT FURTHER IS ORDERED that petitioner shall have **fourteen (14) days** from entry
10 of this order within which to file a motion for leave to amend with a properly-completed
11 proposed amended petition that, in addition to all other requirements: (a) is signed; (b) is
12 verified; (c) includes responses to all exhaustion inquiries, specifically identifying by docket
13 number the proceedings in the Supreme Court of Nevada in which petitioner contends his
14 claims were exhausted, on an appeal or otherwise; and (d) is complete in itself without
15 incorporation of other documents. **No extensions of time will be granted.**
16     IT FURTHER IS ORDERED that petitioner shall clearly title the proposed amended
17 petition as an amended petition by placing the word "AMENDED" immediately above "Petition
18 for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number,
19 **2:09-cv-00801-KJD-GWF**, above the word "AMENDED." Under Local Rule LR 15-1, the
20 amended petition must be complete in itself without incorporation of other pleadings or
21 papers. Thus, if leave to amend is granted, the claims that are stated in the amended petition
22 will be the only matters remaining before the Court. Any claims or allegations that are left out
23 of the amended petition or that are not re-alleged therein no longer will be before the Court.
24     The Clerk shall provide the *pro se* petitioner two copies of a noncapital habeas petition
25 form along with the service copy of this order.
26     DATED: June 26, 2012

_____
KENT J. DAWSON
United States District Judge

-3-